UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN KEITH MENEFEE, et al.,

      Plaintiffs,

                                                  File No.  1:11-CV-1150

v.

                                                  HON. ROBERT HOLMES BELL

ALLSTATE INSURANCE COMPANY,
DAVID A. COUCH, and GARAN LUCOW
MILLER PROFESSIONAL CORPORATION,

      Defendants.
_____/

## **O P I N I O N**

      This matter comes before the Court on Plaintiffs' motion for remand. (Dkt. No. 10.) For the reasons that follow, the motion will be granted.

### I.

      On September 29, 2011, Plaintiffs filed this action in the Kent County Circuit Court, alleging state law tort claims of malicious prosecution and abuse of process.  Defendant Allstate Insurance Co. ("Allstate") removed the action to this Court pursuant to 28 U.S.C. § 1367 on the basis of the Court's ancillary jurisdiction. (Dkt. No. 1, Notice of Removal ¶ 3.) Defendant Allstate asserts that Plaintiffs' current action is an attempt to recoup attorney fees arising out of a case that was previously before this Court.  *See Allstate Insurance Co. v. Tri-Care Mgmt.*, Case No. 1:07-CV-874 (W.D. Mich.) (Jonker, J.), *aff'd*, No. 09-2440 (6th Cir. July 18, 2011); (Notice of Removal ¶¶ 4-6.)  Defendant Allstate also asserts that Plaintiffs'

attempt to recover attorney fees in the previous action was considered and rejected. Defendant Allstate contends that even though the previous action is no longer pending, this Court still has ancillary jurisdiction over a claim for attorney fees arising out of that action. *See Shannon v. Skemp*, 1991 U.S.District LEXIS 8180 (1991) (holding that court may properly exercise ancillary jurisdiction over a fee petition even though case had been dismissed); *In re Coordinated Pretrial Proceedings in Antibiotic Antitrust Actions v. American Cyanamid Co.*, 520 F. Supp. 635, 649-50 (D. Minn. 1981) ("ancillary jurisdiction over attorney-client fee disputes is inherent and exists in the District Courts independent of jurisdiction conferred by statute, or statutory venue requirements or federal rules of procedure" and "does not depend on the pendency of the main action").

The ancillary jurisdiction cases Defendant Allstate relies on are distinguishable because they did not involve removal. The statute governing removal provides that "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C. § 1441(b). This Court has original jurisdiction over cases involving diversity of citizenship and cases arising under federal law. *See* 28 U.S.C. §§ 1331, 1332. "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *City of Warren v. City of Detroit*, 495 F.3d 282, 286 (6th Cir. 2007) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). A "court must have jurisdiction over a case or

controversy before it may assert jurisdiction over ancillary claims." *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 34 (2002) (quoting *Peacock v. Thomas*, 516 U.S. 349, 355 (1996)). "Ancillary jurisdiction, therefore, cannot provide the original jurisdiction that petitioners must show in order to qualify for removal under § 1441." *Id. See also City of Warren*, 495 F.3d at 286 n. 2 ("Ancillary jurisdiction is insufficient to support removal.");

> The supplemental-jurisdiction statute [28 U.S.C. § 1367] is not a source of original subject-matter jurisdiction, and a removal petition therefore may not base subject-matter jurisdiction on the supplemental-jurisdiction statute, even if the action which a defendant seeks to remove is related to another action over which the federal district court already has subject-matter jurisdiction, and even if removal would be efficient.

*Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 456 (6th Cir. 1996) (citations omitted).

Notwithstanding Defendant Allstate's assertion that Plaintiffs' claims arise from the same controversy previously adjudicated on the merits in federal court, removal was not proper because this Court does not have original jurisdiction over Plaintiffs' state law tort claims of malicious prosecution and abuse of process. Accordingly, Plaintiffs' motion to remand will be granted, and this case will be remanded to the Kent County Circuit Court from which it was removed.

An order consistent with this opinion will be entered.


Dated: December 27, 2011                /s/ Robert Holmes Bell
                                                                 ROBERT HOLMES BELL
                                                                 UNITED STATES DISTRICT JUDGE